UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVETTE DANIELS,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, MARK MIRANDA, DOES 1 THROUGH 10,<br><br>    Defendants. | No.  2:12-cv-02999-MCE-EFB<br><br>**ORDER** |

On December 31, 2009, Plaintiff Yvette Daniels ("Plaintiff"), a youth counselor with Defendant California Department of Corrections and Rehabilitation (hereinafter "CDCR"), along with two other CDCR employees, Maria Aguilar and Karen Currie, filed a complaint against CDCR.  That lawsuit alleged sex discrimination on behalf of all three plaintiffs given the sexually explicit materials they claim they were subjected to in the workplace.  Plaintiff Daniels further claims that her supervisors, Mark Miranda and Rich Alvarado, retaliated against her in response to her complaints that youth offenders improperly possessed said materials.  That lawsuit, entitled <u>Yvette Daniels, et al v. California Department of Corrections and Rehabilitation,</u> Case No. 2:10-cv-00003-MCE-AC ("Daniels I"), is currently scheduled to go to trial on February 24, 2014.

On December 12, 2012, Plaintiffs' counsel in Daniels I, Pamela Price, filed the above-captioned second action on behalf of Yvette Daniels, only. That lawsuit (hereinafter referred to as "Daniels II") names both the CDCR and Mark Miranda as Defendants and alleges claims sounding solely in retaliation.   Defendants CDCR and Miranda (collectively "Defendants" unless otherwise indicated) now move to strike Daniels II as superfluous and redundant.   Alternatively, Defendants ask that the motion be consolidated with Daniels I and be subject to the scheduling order governing the maintenance of that lawsuit.  Plaintiff opposes Defendants' Motion to Strike.

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."   Fed. R. Civ. P. 12(f) (emphasis added).   "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  A Rule 12(f) motion on grounds of redundancy is proper if the material sought to be stricken entails "a needless repetition" of allegations.   Sliger v. Prospect Mortg., LLC, 89 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011).  The possibility that superfluous pleadings will cause the trier of fact to draw an unwarranted inference at trial is the type of prejudice that is sufficient to support the granting of a motion to strike. Campagnolo S.R. v. Full Speed Ahead, Inc., 258 F.R.D. 663, 665 (W.D. Wash. 2009), citing California Dept. of Toxic Substances Control v. Alco Pacific, Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

Examination of the respective allegations contained in the Daniels I and Daniels II claims indicates unequivocally that the substance of the second lawsuit is virtually the same as the first.  In both actions, Daniels alleges retaliation by her supervisor, Mark Miranda, and the CDCR in response to Plaintiff's complaints that youth wards possessed sexually explicit materials.

///

///

See Complaint, Daniels I (attached as Ex. A to Defendants' Request for Judicial Notice herein[1]), ¶¶ 9-15, 21, as compared to identical allegations in Daniels II, ECF No. 1, ¶¶ 5-13, 21. The only difference in the retaliation allegations made in Plaintiff's two lawsuits is that in Daniels II, Plaintiff alleges two additional adverse actions allegedly taken against her for the same protected activity alleged in Daniels I. Complaint, Daniels II, ¶¶ 14-17. In addition, although Miranda's alleged retaliation against Plaintiff is described in Daniels I, only in Daniels II is Miranda actually named as a Defendant.

The fact that Daniels II alleges two post-Daniels I retaliatory acts that occurred in 2011 does not justify a second lawsuit. Having occurred in 2011, more than a year-and-a-half ago, Plaintiff and her counsel had ample time to amend Daniels I to include those additional allegations (or to add Miranda as an additional defendant) if they deemed it necessary to do so. Moreover, since the complaint in Daniels I alleges that the claimed retaliation against Plaintiff "was continuing in nature up to the present" (see Complaint, Daniels I, ¶ 35), the need to specifically amend Daniels I to allege those additional acts of retaliation seems questionable, at best. Nonetheless, as Defendants argue, Plaintiff at no time sought either leave to amend her initial complaint, or a stipulation from the CDCR to do so. Instead, as evidenced by Plaintiff's concurrently pending Motion to Sever her prior Daniels I retaliation claims in order to consolidate those claims into the newly filed Daniels II action, Plaintiff's counsel apparently wants to delay adjudication of Plaintiff's assertions against Defendants. Defendants allege Plaintiff's counsel seeks that delay because she has done minimal discovery in pursuit of her lawsuit in Daniels I. As defense counsel indicates, from the inception of Daniels I in late 2009 through February 1, 2013, Plaintiff's counsel failed to take a single deposition. Doyle Decl., ¶ 9. The fact that Plaintiff moved, in Daniels I, to reopen discovery (on grounds that much of the needed discovery in that case was not completed by the applicable discovery cutoff) would appear to highlight that shortcoming.

---

[1] Defendants' Request for Judicial Notice under Federal Rule of Evidence 201 is unopposed and is granted.

1  Irrespective of what Plaintiff's motives in filing this new complaint may or may not be, and without having to resort to speculation in that regard, the fact remains that the retaliation claims pled in this lawsuit are virtually identical to those already being maintained in Daniels I.  The instant action is therefore redundant under Rule 12(f).  As such, Defendants' Motion to Strike (ECF No. 7) is GRANTED.[2]  The instant lawsuit is stricken as redundant and is accordingly dismissed in its entirety, without prejudice, to any effort by Plaintiff to seek leave to amend her complaint in Daniels I should she choose to do so.  Having dismissed the Complaint, the Court need not address Defendants' alternative argument that this case be consolidated with Daniels I if permitted to proceed in any fashion.  The Clerk of Court is directed to close this file.

IT IS SO ORDERED.

Dated:  October 11, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Having determined that oral argument was not of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).